UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARDO DₑJESUS,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. SHAKIL MOHAMMAD, M.D., et al.,<br><br>          Defendants. | Civil Action No.<br>12-7007(NLH/KMW)<br><br><br>**OPINION** |

**HILLMAN, District Judge**

This matter comes before the Court by way of Plaintiff Richardo DeJesus's motion [Doc. No. 7] seeking to reinstate the complaint in this case.  The Court has considered Plaintiff's submission and the proposed second amended complaint attached thereto, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion is denied without prejudice.

I.   **BACKGROUND**

Plaintiff filed the original complaint [Doc. No. 1] in this action on November 12, 2012 averring that the Court could exercise jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332.  (Compl. [Doc. No. 1] ¶ A.)  After reviewing Plaintiff's original complaint, the Court

Case 1:12-cv-07007-NLH-KMW   Document 8   Filed 01/10/13   Page 2 of 8 PageID: 69

issued an Order to Show Cause on November 15, 2012[1] outlining
several pleading deficiencies with respect to the citizenship of
Defendant Westfield Hospital[2] ("Westfield") and Defendant Shakil
Orthopedic Associates.  (Order to Show Cause [Doc. No. 3] 2-4,
Nov. 15, 2012.)  These deficiencies rendered the Court unable to
determine whether complete diversity of citizenship existed
between the parties such that the Court could properly exercise
jurisdiction over the matter.  (Id. at 4.)  The Court's November
15, 2012 Order to Show Cause also specifically instructed
Plaintiff on the requirements for properly pleading the
citizenship of these parties in order to correct these
deficiencies.  (Id. at 2-4.)  The Court therefore directed
Plaintiff to file an amended complaint within ten (10) days or
face dismissal of the complaint for lack of subject matter
jurisdiction.  (Id. at 5.)

In response to the November 15, 2012 Order to Show Cause,
Plaintiff filed an Amended Complaint [Doc. No. 4] on November 27,
2012.[3]  After reviewing Plaintiff's Amended Complaint, the Court

---

[1] Although signed by the Court on November 15, 2012, the
Order to Show Cause was not entered onto the docket by the
Clerk's Office until November 16, 2012.

[2] Plaintiff later identified this Defendant as Westfield
Medical Center, L.P, doing business as, Westfield Hospital.

[3] The Court notes that the Amended Complaint filed on
November 27, 2012 was filed beyond the time provided for in the
November 15, 2012 Order to Show Cause.  At the latest,
Plaintiff's Amended Complaint should have been filed by November

issued a second Order to Show Cause on December 4, 2012.  The
Court's December 4, 2012 Order to Show Cause specifically
outlined additional pleading deficiencies regarding the
citizenship of Defendant Westfield,[4] Defendant Shakil Orthopedic
Associates, Inc.,[5] and Defendant Shakil Mohammad.[6]  (Order to
Show Cause [Doc. No. 5] 2-6, Dec. 4, 2012.)  Additionally, the
Court noted for Plaintiff that jurisdictional allegations made
"upon information and belief" were insufficient to convince the

---

26, 2012.  Despite Plaintiff's counsel's failure to file a timely
amended complaint pursuant to the Court's Order to Show Cause,
the Court did not immediately enter an Order dismissing the
complaint for lack of subject matter jurisdiction, although such
an Order could have properly been entered at that time.

   [4] With regard to Westfield, the Court noted that Plaintiff
identified this Defendant as both a limited partnership and as a
corporation, but failed to properly aver the citizenship of
either because the Amended Complaint did not set forth the
identity and citizenship of each limited partner (assuming
Westfield is a limited partnership), nor did the Amended
Complaint set forth "its" principal place of business (assuming
Westfield is a corporation).  (Order to Show Cause [Doc. No. 5]
2-4, Dec. 4, 2012.)

   [5] With regard to Shakil Orthopedic Associates, Inc., the
Court found that Plaintiff failed to properly identify this
Defendant's business entity status, i.e., corporation, limited
partnership, limited liability company, etc., and that even
assuming this Defendant was a corporation, Plaintiff still failed
to properly aver "its" principal place of business.  (Order to
Show Cause [Doc. No. 5] 4-5, Dec. 4, 2012.)

   [6] The Court concluded that Plaintiff's Amended Complaint
clouded the issue regarding Defendant Mohammad's citizenship by
first averring that Defendant Mohammad was a resident of
Pennsylvania, but later averring that he was a citizen of
Pennsylvania.  (Order to Show Cause [Doc. No. 5] 5-6, Dec. 4,
2012.)

Court that diversity exists between the parties.  (Id. at 6)
(citing Vail v. Doe, 39 F. Supp. 2d 477, 477-78 (D.N.J. 1999).
In light of these many deficiencies, the Court was again unable
to accurately determine whether diversity of citizenship existed
between the parties and thus directed Plaintiff to file a second
amended complaint within ten (10) days or face dismissal for lack
of subject matter jurisdiction.  (Id. at 6-7.)

     The time within which Plaintiff was required to file a
second amended complaint pursuant to the December 4, 2012 Order
to Show Cause expired on December 14, 2012.  Plaintiff, however,
failed to file the second amended complaint, or to seek an
extension, within that time frame.  Approximately one week after
the deadline for filing Plaintiff's second amended complaint
expired, the Court entered an Order dismissing Plaintiff's case
without prejudice for lack of subject matter jurisdiction. (Order
[Doc. No. 6] 1, Dec. 21, 2012.)  An additional six days later,
Plaintiff filed the instant motion to reinstate the complaint.

## II.  ANALYSIS

     In support of the present motion to reinstate the complaint,
Plaintiff submitted the certification of Plaintiff's counsel,
Conrad J. Benedetto, Esq., along with a copy of a proposed second
amended complaint, attached as Exhibit A to Mr. Benedetto's
certification.  Mr. Benedetto indicates in his certification that
"Plaintiff was delayed in answering" the December 4, 2012 Order

4

to Show Cause because Plaintiff was "unable to retrieve [the] electronic file" containing the Order to Show cause and "the Court was unwilling to resend same to Plaintiff."  (Certification of Conrad Benedetto, Esquire [Doc. No. 7] ¶ 6.)  Mr. Benedetto continues on to certify that this was the cause for Plaintiff's delay in responding to the Court's second Order to Show Cause.

However, these representations are inaccurate.  Mr. Benedetto first contacted the Court directly on December 20, 2012 by telephone to report technical difficulties in retrieving and reviewing the December 4, 2012 Order to Show Cause and to request that a copy of the Order to Show Cause be directly faxed to Plaintiff's counsel.  At the time of this December 20, 2012 phone call, Plaintiff's second amended complaint was already six (6) days late – well beyond the December 14, 2012 deadline for filing the second amended complaint.  Upon making this request, Mr. Benedetto was advised that the Court does not independently provide copies of prior Orders to counsel for the parties via facsimile, and Mr. Benedetto was instructed to contact the Clerk's Office to resolve any technical difficulties in retrieving and opening the relevant electronic file for the Order to Show Cause.[7]

On December 21, 2012, Plaintiff still had not filed a second

---

[7] It is unknown to the Court at this time whether Plaintiff's counsel, Mr. Benedetto, contacted the Clerk's Office as advised by the Court.

amended complaint pursuant to the December 4, 2012 Order to Show Cause, nor had Plaintiff filed a request for an extension of time to do so.  Accordingly, having provided Plaintiff with an additional week beyond the December 14, 2012 deadline to file the second amended complaint, and noting Plaintiff's failure to do so, the Court entered an Order dismissing Plaintiff's amended complaint without prejudice.  (Order [Doc. No. 6] 1-2, December 21, 2012.)  Plaintiff subsequently filed this motion to reinstate the complaint on December 27, 2012.

In resolving Plaintiff's motion to reinstate the complaint there are two issues the Court must address.  First, the Court must address representations made in Mr. Benedetto's certification.  Second, the Court must consider the jurisdictional allegations of Exhibit A to the motion.

To the extent Plaintiff's counsel, Mr. Benedetto seeks to imply through his certification that Plaintiff's failure to file a timely second amended complaint was the result of the Court's "unwillingness" to provide Plaintiff's counsel with an additional facsimile copy of the December 4, 2012 Order to Show Cause other than the copy docketed by the Clerk of Court and made electronically available to the parties and the public at [Doc. No. 5], the Court rejects this implication.  As set forth clearly in the Notice of Electronic Filing issued in conjunction therewith, the December 4, 2012 Order to Show Cause was entered

on the docket in this matter on December 4, 2012 at 10:57 a.m. Eastern Standard Time, and notice was electronically sent to Mr. Benedetto at the email address listed on file with the Clerk's Office by Mr. Benedetto himself, cjbenedetto@benedettolaw.com.

Plaintiff, through Mr. Benedetto, had until December 14, 2012 — a full ten days from the issuance of the second Order to Show Cause — to file a second amended complaint, or to notify the Clerk of Court that the electronic document was not retrievable for technical reasons. However, it appears that no such attempt was made until well beyond the expiration of the December 14, 2012 deadline. Thus, it is disingenuous for Mr. Benedetto to represent that the Court's "unwillingness" to send Plaintiff's counsel a copy of the Order to Show Cause by facsimile on December 20, 2012 was the cause of any delay in filing a timely second amended complaint.

That issue aside, the Court must deny Plaintiff's motion to reinstate the complaint. While Mr. Benedetto's certification purportedly attaches a Second Amended Complaint as Exhibit A, the Court notes that Exhibit A is actually an identical version of the Amended Complaint which Plaintiff filed on November 27, 2012. The November 27, 2012 Amended Complaint was fraught with several pleading deficiencies as outline above and as set forth in detail in the December 4, 2012 Order to Show Cause. The Second Amended Complaint attached to Mr. Benedetto's certification is the exact

7

same document previously filed with the Court over a month ago and has the exact same pleading deficiencies regarding diversity jurisdiction.  The party asserting jurisdiction has an obligation to plead jurisdiction accurately, truthfully, and in a manner sufficient to establish jurisdiction.

Accordingly, at this time, the Court must deny Plaintiff's motion to reinstate the complaint because the Court remains unable to accurately assess whether diversity jurisdiction may properly be exercised in this case.  The Court's inability in this regard persists as a result of multiple failures on the part of Plaintiff and his counsel to adequately plead diversity jurisdiction pursuant to 28 U.S.C. § 1332 despite the issuance of two Orders to Show Cause which explicitly set forth the necessary requirements.

III. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion [Doc. No. 7] to reinstate the complaint is denied.  An Order consistent with this Opinion will be entered.


Date: January 10, 2013              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

8