```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RICARDO DEJESUS, | Civil No. 12-7007(NLH/KMW) |
| Plaintiff, | |
| v. | **OPINION** |
| DR. SHAKIL MOHAMMAD, M.D., et al., | |
| Defendants. | |

**HILLMAN, District Judge**

This matter comes before the Court by way of Plaintiff Ricardo DeJesus's motion [Doc. No. 10] seeking to reinstate the complaint. The Court has considered Plaintiff's submission and the proposed third amended complaint and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion will be denied.

I.  **BACKGROUND**

Plaintiff filed the original complaint [Doc. No. 1] in this action on November 12, 2012, averring that the Court could exercise jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and an amount in controversy in excess

of $75,000. (Compl. [Doc. No. 1] ¶ A.) After reviewing Plaintiff's original complaint, the Court issued an Order to Show Cause on November 16, 2012 outlining several pleading deficiencies with respect to the citizenship of Defendant Westfield Hospital[1] ("Westfield") and Defendant Shakil Orthopedic Associates. (Order to Show Cause [Doc. No. 3] 2-4.) The complaint as submitted to the Court did not allege sufficient facts to establish complete diversity of citizenship existed between the parties. (Id. at 4.) Rather than dismiss the complaint outright, the Court's Order to Show Cause specifically instructed Plaintiff on the requirements for properly pleading the citizenship of the parties in order to correct these deficiencies. (Id. at 2-4.) The Court directed Plaintiff to file an amended complaint within ten days or face dismissal of the complaint for lack of subject matter jurisdiction. (Id. at 5.)

In response to the Order to Show Cause, Plaintiff filed an amended complaint [Doc. No. 4] on November 27, 2012.[2] After

---

[1] Plaintiff later identified this Defendant as Westfield Medical Center, L.P., doing business as, Westfield Hospital.

[2] The Court notes that the Amended Complaint filed on November 27, 2012 was filed beyond the time provided for in the November 15, 2012 Order to Show Cause. At the latest, Plaintiff's Amended Complaint should have been filed by November 26, 2012. Despite Plaintiff's counsel's failure to file a timely amended complaint pursuant to the Court's Order to Show Cause, the Court did not immediately enter an Order dismissing the complaint for lack of subject matter jurisdiction.

reviewing Plaintiff's amended complaint, the Court issued a second Order to Show Cause on December 4, 2012. The Court's December 4, 2012 Order to Show Cause specifically outlined additional pleading deficiencies regarding the citizenship of Defendant Westfield,[3] Defendant Shakil Orthopedic Associates, Inc.,[4] and Defendant Shakil Mohammad.[5] (Order to Show Cause [Doc. No. 5] 2-6, Dec. 4, 2012.) Additionally, the Court noted that jurisdictional allegations made "upon information and belief" are insufficient to convince the Court that diversity existed between the parties. (Id. at 6) (citing Vail v. Doe, 39 F. Supp. 2d 477, 477-78 (D.N.J. 1999)). Despite being provided the opportunity to amend, Plaintiff in his amended complaint

---

[3] With regard to Westfield, the Court noted that Plaintiff identified this Defendant as both a limited partnership and as a corporation, but failed to properly aver the citizenship of either because the Amended Complaint did not set forth the identity and citizenship of each limited partner (assuming Westfield is a limited partnership), nor did the Amended Complaint set forth "its" principal place of business (assuming Westfield is a corporation). (Order to Show Cause [Doc. No. 5] 2-4, Dec. 4, 2012.)

[4] With regard to Shakil Orthopedic Associates, Inc., the Court found that Plaintiff failed to properly identify this Defendant's business entity status, i.e., corporation, limited partnership, limited liability company, etc., and that even assuming this Defendant was a corporation, Plaintiff still failed to properly aver "its" principal place of business. (Order to Show Cause [Doc. No. 5] 4-5, Dec. 4, 2012.)

[5] The Court concluded that Plaintiff's Amended Complaint clouded the issue regarding Defendant Mohammad's citizenship by first averring that Defendant Mohammad was a resident of Pennsylvania, but later averring that he was a citizen of Pennsylvania. (Order to Show Cause [Doc. No. 5] 5-6, Dec. 4, 2012.)

failed to allege sufficient facts to establish that diversity of citizenship existed between the parties. Again, rather than dismiss the amended complaint for lack of subject matter jurisdiction, the Court directed Plaintiff to file a second amended complaint within ten days or face dismissal for lack of subject matter jurisdiction. (Id. at 6-7.)

The time within which Plaintiff was required to file a second amended complaint pursuant to the December 4, 2012 Order to Show Cause expired on December 14, 2012. As before, Plaintiff failed to file the second amended complaint, or to seek an extension, within the allotted time frame. Approximately one week after the deadline for filing Plaintiff's second amended complaint expired, the Court entered an Order dismissing Plaintiff's case without prejudice for lack of subject matter jurisdiction. (Order [Doc. No. 6] 1, Dec. 21, 2012.) Six days later, Plaintiff filed a motion to reinstate the complaint. (Pl.'s First Mot. to Reinstate the Compl. [Doc. No. 7], Dec. 27, 2012.) After reviewing Plaintiff's motion to reinstate the complaint, the Court issued an Order denying the motion based on persistent pleading deficiencies. (Order [Doc. No. 9] 2, Jan. 10, 2013.) As noted in the Opinion denying the motion, Plaintiff's motion to reinstate sought the filing of the second amended

complaint, a document the Court had already found deficient.[6]
Nearly four months after Plaintiff's case had been terminated, Plaintiff filed a second motion to reinstate the complaint, which is presently before the Court.

II. **ANALYSIS**

Although Plaintiff does not specify the authority under which he seeks relief, the Court construes the motion as seeking to vacate its dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 60(b).[7] Rule 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect; [or] ...

---

[6] As the Court previously noted, the second amended complaint attached to Mr. Benedetto's certification was the exact same document filed with the Court on November 27, 2007, and contained the exact same pleading deficiencies regarding diversity jurisdiction.

[7] A motion to reopen a case may be treated as a motion for relief from a final judgment pursuant to Rule 60(b) or as a motion for reconsideration pursuant to Rule 59(e) and Local Civil Rule 7.1(i). Choi v. Kim, 258 F. App'x 413, 414-15 (3d Cir. 2007). In the present case, because Plaintiff failed to file the motion within fourteen days of the Court's Order dismissing the matter, the Court will construe Plaintiff's motion as a motion for relief from final judgment pursuant to Rule 60(b). Motions made under Rule 60 "must be made within a reasonable time … [and for motions made under subsections] (1), (2), and (3) no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c). Here, Plaintiff is well within the time limits imposed by Rule 60.

(6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Rule 60(b)'s purpose "is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Ed. & Welfare, U. S., 572 F.2d 976, 977 (3d Cir. 1978).

Additionally, the Court notes that Rule 60(b) applies to final orders. The Third Circuit has concluded that an order denying a motion to reinstate a complaint is considered final. See Constr. Drilling, Inc. v. Chusid, 131 F. App'x 366, 369 (3d Cir. 2005) (stating that denials of motions made pursuant to Rule 60(b) are final orders under 28 U.S.C. § 1291). Here, the Court previously denied Plaintiff's motion to reinstate his complaint in an Opinion and Order [Doc. Nos. 8 and 9] dated January 10, 2012. Therefore, Rule 60(b) is applicable to the present motion.[8]

Plaintiff contends that his delay in amending the complaint to correct jurisdictional deficiencies was caused by his inability to access the website to obtain a PDF copy of the Court's Order to Show Cause. This contention potentially implicates the excusable neglect standard under subsection (1) or the catchall provision under subsection (6) of Rule 60(b). To the extent Plaintiff seeks to vacate judgment pursuant to subsection (6), that request must fail.

---

[8] At this stage, the Court makes no determination as to the timeliness of Plaintiff's complaint.

The catchall provision under Rule 60(b)(6) is available only under extraordinary circumstances and only if relief is not warranted under Rule 60(b)(1-5). See Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005); see also Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (holding that "extreme and unexpected hardship" constitutes extraordinary circumstances while a party's voluntary choices does not). Furthermore, relief under subsection (6) is not available unless the party seeking relief is "faultless in the delay [and] [i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1)." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393 (1993). Therefore, the Court finds subsection (6) inapplicable here and must consider Plaintiff's motion as a motion brought pursuant to subsection (1).

Whether neglect is excusable under Rule 60(b) is an equitable determination that involves a totality of the circumstances test. Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 389 (1993). In particular, the excusable neglect standard consists of four factors: (1) prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the movant's control; and (4) whether the movant acted in good faith. See Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007) (citing Pioneer

7

Inv. Servs. Co., 507 U.S. at 395 (1993) and adopting Pioneer's analysis for bankruptcy proceedings in Rule 60(b) contexts generally). The Third Circuit has cautioned against giving any one of these four factors dispositive weight. See, e.g., George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 164 (3d Cir. 2004) (stating that "the 'control' factor does not necessarily trump all the other relevant factors.").

Turning to the application of the excusable neglect factors, there can be little doubt that the cause for the delay here was reasonably within Plaintiff's control. As the Court noted in its January 10, 2013 Opinion, Plaintiff's counsel had missed the deadline for filing the second amended complaint by six days before he first contacted the Court with regard to technical difficulties in retrieving and reviewing the December 4, 2012 Order to Show Cause. Furthermore, counsel was directed by the Court to contact the Clerk's Office to resolve any technical difficulties in retrieving and opening the relevant electronic file for the Order to Show Cause, and it is unknown whether he acted on the Court's instructions. Moreover, Plaintiff's counsel failed to file a request for an extension of time to amend the complaint pursuant to the December 4, 2012 Order to Show Cause. Thus, because of these numerous failings, the Court has no choice but to conclude that the reason for the delay was within Plaintiff's control.

Next, the Court turns to the question of whether granting Plaintiff's motion will result in prejudice to the opposing party. The issue of undue prejudice involves consideration of "the hardship to the [opposing party] if the amendment were permitted" and "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 1984). Here, since Plaintiff seeks to reinstate and amend his complaint in an effort to correct jurisdictional deficiencies, there is no apparent threat of hardship to the opposing party who has not yet been served with, let alone answered, the complaint. Similarly, reinstatement of Plaintiff's complaint will not impose any additional discovery-related burden on the opposing party since discovery has not commenced.

Furthermore, the length of the delay, from January 10, 2013 to April 3, 2013, while significant, is not deemed to have an adverse impact on the judicial proceedings here since the case is in its earliest stages. Finally, regarding the final factor, the Court must determine "whether the motion itself is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith." Trueposition, Inc. v. Allen Telecom, Inc., No. 01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) (citing J.E. Mamiye & Sons,

Inc. v. Fidelity Bank, 813 F.2d 610, 614 (3d Cir. 1987)). Here, although Plaintiff's delay was caused by reasons fully within his control, there is no indication that the present motion itself was filed in bad faith.

Having considered all the Pioneer factors, the Court finds that Plaintiff's neglect in timely answering the Court's Order to Show Cause was excusable. Although the Court finds Plaintiff's proffered reasons for failing to timely comply with the Court's December 4, 2012 Order to Show Cause unpersuasive at best, the remaining factors weigh in favor of granting Plaintiff's motion to reinstate the complaint. That being said, Plaintiff still bears the burden to demonstrate that the Court's jurisdiction in this matter has been properly invoked.

Accordingly, the Court now turns to the substance of Plaintiff's proposed third amended complaint, which Plaintiff submitted in support of the present motion to reinstate the complaint. Despite the issuance of two Orders to Show Cause which explicitly set forth the necessary requirements for adequately pleading diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff fails to tailor the third amended complaint to comply with the statute's requirements. Even after reading Exhibit A, Plaintiff's third amended complaint, as a whole, the Court is unable to determine whether diversity of citizenship exists.

We glean the following from the third amendment complaint.

Plaintiff is an individual who is a citizen of New Jersey (Third Amended Complaint, Jurisdiction and Venue, Introductory paragraph). Defendant Shakil Mohammad is an individual who is a citizen of Pennsylvania (Third Amended Complaint, Count 1, ¶ 2)[9]. Defendant Shakil Orthopedic Associates, Inc. is a corporation incorporated in[10] and having its principal place of business in Pennsylvania (Third Amended Complaint, Jurisdiction and Venue, Introductory paragraph).

The problem arises with the jurisdictional allegations regarding the Defendant Westfield Medical Center, L.P. Plaintiff asserts that this entity is a limited partnership and that its general partner, WMC, Inc.,[11] is a corporation, incorporated in and with its

---

[9] As before, Plaintiff clouds the issue regarding Defendant Mohammad's citizenship by first averring in the "Jurisdictional" section of the third amended complaint that Defendant Mohammad is a "resident" of Pennsylvania only to later aver in the body of Count 1 that Mohammad is a "citizen" of Pennsylvania. As we previously explained, the Defendant's residence is not a relevant jurisdictional fact (although it may be relevant in conjunction with other facts in determining domicile or citizenship). No other facts are alleged regarding Mohammad's citizenship. Although not found in the "Jurisdictional" allegations of the third amended complaint, we accept as sufficient for jurisdictional purposes the allegation that Mohammad is a citizen of Pennsylvania.

[10] The actual allegation is that Shakil Orthopedic Associates is "formed and located in" Pennsylvania. Although the allegation is ambiguous, we take it to be an allegation that Shakil Orthopedic Associates was incorporated in and under the laws of the Commonwealth of Pennsylvania and accept that fact for jurisdictional purposes.

[11] It is unclear from Plaintiff's allegations whether the appropriate title of Westfield Medical Center, L.P.'s general partner is WMC, Inc. or WMC Management, Inc., or indeed whether the two are separate and distinct entities since the names appear to be

principal place of business in Pennsylvania.  However, for diversity purposes, "the citizenship of partnerships is determined by the citizenship of all of its partners, not just the general partners." See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 187 (3d Cir. 2008) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)). Furthermore, partnerships are defined as consisting of "two or more persons." Kramer v. Scientific Control Corp., 534 F.2d 1085, 1092 n.15 (3d Cir. 1976).  Plaintiff makes no factual allegations regarding the identity and citizenship of the limited partners of Defendant Westfield Medical Center, L.P.  Therefore, Plaintiff's allegation that WMC, Inc. is the "only listed partner of Westfield Medical Center, L.P." constitutes an insufficient pleading. (Third Amended Complaint, Count 1, ¶ 1).  What plaintiff means by "listed" is unclear.  What is clear is that Plaintiff fails to allege the citizenship of all of the partners of Westfield Medical Center, L.P. and in particular the unnamed limited partners.  Until diversity jurisdiction is appropriately pled the Court is unable to determine whether it has jurisdiction over the matter.

## III. CONCLUSION

It appears to the Court from the responses to the Orders to Show Cause and the proposed amended complaints that Plaintiff filed in

---

used interchangeably.

federal court, and has continued to try to pursue this matter in this Court, before determining the citizenship of the various defendants he sought to sue. Despite now having had four bites at the apple, he still fails to properly allege subject matter jurisdiction through diversity. A procedure of this kind, and pleadings that reflect this approach, are defective and subject to dismissal. "It is well established that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (citations omitted); see also Thomas v. Bd. of Trs. of Ohio State Univ., 195 U.S. 207, 210 (1904) (diversity jurisdiction, "or the facts upon which, in legal intendment, it rests, must be distinctly and positively averred in the pleadings, or should appear affirmatively and with equal distinctness in other parts of the record").

Moreover, as both the Supreme Court and the Third Circuit have recognized, "[i]t is ... well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977) (citing Thomas, 195 U.S. at 211).

13

"Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish diversity of citizenship." Vail v. Doe, 39 F. Supp. 2d 477 (D.N.J. 1999) (citing Ramsey v. Mellon Nat'l Bank, 350 F.2d 874, 878-79 (3d Cir. 1965)). "Unless affirmatively demonstrated, a Federal Court is presumed to lack subject matter jurisdiction." Clavin v. Potter, No. 05-CV-2812, 2006 WL 1044821 DMC, at *2 (D.N.J. Apr. 19, 2006) (citing Philadelphia Federation of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998)).

Federal courts are courts of limited jurisdiction and the lower courts may only exercise that jurisdiction conferred upon them by Congress. Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. See Adamczewski v. Emerson Elec. Co., No. 10-04862 SRC, 2011 WL 1045162 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005)); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res.

Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)).  Here, despite numerous opportunities to do so, Plaintiff has failed to allege the citizenship of the relevant parties in sufficient and necessary detail.  For the reasons set forth herein, Plaintiff's motion [Doc. No. 10] to reinstate the complaint will be denied.  An Order consistent with this Opinion will be entered.


Date:  November 7, 2013          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.