```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RICHARDO DeJESUS, | Civil No. 12-7007(NLH/KMW) |
| Plaintiff, | |
| v. | OPINION |
| DR. SHAKIL MOHAMMAD, M.D., et al., | |
| Defendants. | |

**APPEARANCES:**

Conrad J. Benedetto, Esquire
Law Offices of Conrad J. Benedetto
1814 East Route 70
Suite 350
Cherry Hill, New Jersey 08003
    *Attorney for Plaintiff Richardo DeJesus*

**HILLMAN, District Judge**

This matter comes before the Court by way of Plaintiff Richardo DeJesus' third motion [Doc. No. 13] seeking to reinstate this matter based on the proposed fourth amended complaint, attached as Exhibit A to Plaintiff's motion. The Court has considered Plaintiff's motion, reviewed the proposed fourth amended complaint and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion will be granted.

I.   **BACKGROUND**

Plaintiff filed the original complaint [Doc. No. 1] in this action on November 12, 2012, asserting that the Court could properly exercise jurisdiction in this case pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000. (Compl. [Doc. No. 1] ¶ A.)  Upon review of Plaintiff's original complaint, the Court issued an Order to Show Cause on November 15, 2012 outlining various pleading deficiencies with respect to the citizenship of several Defendants such that the original complaint did not allege sufficient facts to establish complete diversity of citizenship existed between the parties.  (Order to Show Cause [Doc. No. 3] 2-4, Nov. 15, 2012.)  The November 15, 2012 Order to Show Cause specifically set forth the requirements for properly pleading the citizenship of the parties in order to correct these pleading errors and further directed Plaintiff to file an amended complaint within ten days or face dismissal of the complaint for lack of subject matter jurisdiction.  (Id. at 2-5.)

In response to the November 15, 2012 Order to Show Cause, Plaintiff filed an untimely amended complaint [Doc. No. 4] on November 27, 2012, one day after the time provided for by the Order to Show Cause.  Despite its untimely nature, the Court reviewed Plaintiff's amended complaint and issued a second Order

to Show Cause ("OTSC No. 2") on December 4, 2012.  OTCS No. 2 set forth additional pleading deficiencies contained in the amended complaint regarding the citizenship of three Defendants and noted that Plaintiff had again failed to establish the requisite diversity of citizenship between the parties.  (Order to Show Cause [Doc. No. 5] 2-6, Dec. 4, 2012.)  As with the original deficient complaint, rather than dismiss the deficient amended complaint for lack of subject matter jurisdiction, the Court granted Plaintiff leave to file a second amended complaint within ten days.  (Id. at 6-7.)

Pursuant to OTSC No. 2, Plaintiff was required to file a second amended complaint by December 14, 2012.  Plaintiff failed to file the second amended complaint, or to seek an extension of this deadline, within the time provided by OTSC No. 2.  Therefore, approximately one week after the deadline for filing Plaintiff's second amended complaint expired, the Court entered an Order dismissing Plaintiff's case without prejudice for lack of subject matter jurisdiction.  (Order [Doc. No. 6] 1, Dec. 21, 2012.)  Six days later, Plaintiff filed his first motion to reinstate the complaint.  (Pl.'s First Mot. to Reinstate the Compl. [Doc. No. 7].)  Attached as Exhibit A to the motion was a copy of Plaintiff's proposed second amended complaint.  The

3

Court subsequently denied Plaintiff's first motion to reinstate the complaint by Opinion and Order dated January 10, 2013 based on continued pleading deficiencies. (Op. and Order [Doc. Nos. 8, 9] Jan. 10, 2013.)  As noted in the January 10, 2013 Opinion, the proposed second amended complaint attached as Exhibit A to the first motion was "actually an identical version of the Amended Complaint which Plaintiff filed on November 27, 2012." (Op. [Doc. No. 8] 7, Jan. 10, 2013.)  That is, the proposed second amended complaint attached to Plaintiff's motion was "the exact same document previously filed with the Court over a month [before] and [contained] the exact same pleading deficiencies regarding diversity jurisdiction."  (Id. at 8.)  As a result, the Court denied Plaintiff's first motion to reinstate the complaint.

Approximately four months later, Plaintiff filed a second motion [Doc. No. 10] to reinstate the complaint.  Attached as Exhibit A to the second motion to reinstate was a proposed third amended complaint.  By Opinion and Order dated November 7, 2013, the Court denied Plaintiff's second motion to reinstate without prejudice. (Op. and Order [Doc. Nos. 11, 12] Nov. 7, 2013.) Construing Plaintiff's motion as one seeking to vacate the dismissal of the compliant pursuant to Federal Rule of Civil

4

Procedure 60(b), the Court concluded that Plaintiff's failure to timely file a second amended complaint in accordance with OTSC No. 2 constituted excusable neglect under the standard governing Federal Rule of Civil Procedure 60(b)(1).  (Op. [Doc. No. 11] 7-10, Nov. 7, 2013.)  Although Plaintiff's proffered reasons for failing to timely comply with OTCS II were unpersuasive, the Court found that the totality of the circumstances nonetheless weighed in favor of granting Plaintiff's motion to reinstate the complaint.  (Id. at 10.)  However, the Court was forced to deny Plaintiff's motion to reinstate on other grounds because Plaintiff still neglected to properly plead diversity of citizenship jurisdiction.  (Id. at 10.)

Specifically, Plaintiff failed to correctly set forth the citizenship of Defendant Westfield Medical Center, L.P.  (Id. at 11.)  While the proposed third amended complaint indicated that Westfield Medical Center is a limited partnership and listed the citizenship of its general partner, WMC, Inc. – a Pennsylvania corporation with its principal place of business in Pennsylvania – the Court noted that this information alone was insufficient.  (Id. at 11.)  In order to determine the citizenship of partnerships, the proposed third amended complaint needed to set forth "the citizenship of all of [the partnership's] partners,

5

not just the general partners." See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 187 (3d Cir. 2008).  Moreover, partnerships are defined as entities consisting of at least "two or more persons."  Kramer v. Scientific Control Corp., 534 F.2d 1085, 1092 n.15 (3d Cir. 1976).  Therefore, the Court concluded that Plaintiff's assertion that WMC, Inc. was the "only listed partner of Westfield Medical Center, L.P.," was not adequate to establish the citizenship of Defendant Westfield Medical Center, L.P. for jurisdictional purposes because Plaintiff failed to make any factual averments as to the identity and citizenship of the limited partners of this Defendant.

Approximately forty days later, Plaintiff filed a third motion to reinstate the complaint, which is currently before the Court.  Attached as Exhibit A to the present motion is a copy of Plaintiff's proposed fourth amended complaint.

## II. ANALYSIS

Much like the second motion to reinstate the complaint, Plaintiff's current motion again fails to specify the authority under which he seeks relief from the prior termination of his case.  However, as with the second motion, the Court again construes Plaintiff's third motion to reinstate as one attempting to vacate the dismissal of Plaintiff's complaint

6

pursuant to Federal Rule of Civil Procedure 60(b).

As previously set forth in the Court's November 7, 2013 Opinion, a motion to reopen a case may be treated as a motion for relief from a final judgment pursuant to Rule 60(b) or as a motion for reconsideration pursuant to Rule 59(e) and Local Civil Rule 7.1(i).  Choi v. Kim, 258 F. App'x 413, 414-15 (3d Cir. 2007).  Motions made pursuant to Rule 60 "must be made within a reasonable time ... [and for motions made under subsections] (1) (2) and (3) no more than a year after the entry of the judgment."  FED. R. CIV. P. 60(b).  Here, the docket reflects that Plaintiff's third motion to reinstate was filed within one year of the Court's November 7, 2013 Opinion and Order, and given that Plaintiff failed to file the motion within fourteen days of the Court's Opinion and Order denying the second motion to reinstate the complaint, the Court will construe Plaintiff's motion as one for relief from final judgment pursuant to Rule 60(b).

Rule 60(b) provides in pertinent part that "[o]n a motion and just terms, the court may relieve the party or its legal representative from a final judgment, order or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect; [or] ... (6) any other reason that justifies relief."  FED. R.

7

CIV. P. 60(b).  Moreover, as previously explained in the November 7, 2013 Opinion, Rule 60(b) applies to final orders.  See Constr. Drilling, Inc. v. Chusid, 131 F. App'x 366, 369 (3d Cir. 2005) (observing that the denial of a motion made pursuant to Rule 60(b) constitutes a final order under 28 U.S.C. § 1291). Here, the Court previously denied Plaintiff's second motion to reinstate his complaint in an Opinion and Order [Doc. Nos. 11, 12] dated November 7, 2013.  Therefore, Rule 60(b) is applicable to the present motion.

In this circumstance, the Court must once again analyze whether the Plaintiff's failure to file a timely second amended complaint constitutes excusable neglect under subsection (1) of Rule 60(b).[1]  Accordingly, the Court's analysis in the November 7, 2013 Opinion denying Plaintiff's second motion to reinstate is also applicable to the present motion.  The Court, therefore, sets forth below a detailed summary of the November 7, 2013 Opinion.  Using the totality of the circumstances test set forth in Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,

---

[1]  As the Court previously concluded in the November 7, 2013 Opinion, subsection (6) of Rule 60(b) – the catchall provision of Rule 60(b) – is not applicable here because that particular provision becomes relevant only under extraordinary circumstances and only if relief is not warranted under Rule 60(b)(1-5).  See Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005); (Op. [Doc. No. 11] 7, Nov. 7, 2013.)

8

507 U.S. 380, 389 (1993), the November 7, 2013 Opinion weighed the following four factors to determine if reinstatement of the complaint was proper: (1) prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the movant's control; and (4) whether the movant acted in good faith.  Evaluating these factors, the Court concluded that although Plaintiff's untimely delay in responding to the Court's OTSC No. 2 was the result of circumstances fully within his control, granting the second motion to reinstate would not result in prejudice to the opposing party, and would not have an adverse impact on the judicial proceedings, nor was the motion filed in bad faith.  (Op. [Doc. No. 11] 7-10, Nov. 7, 2013.) Therefore, the Court found that Plaintiff's neglect in failing to timely respond to the Court's OTSC No. 2 was excusable given that the Pioneer factors weighed in favor of granting the motion to reinstate.

With respect to Plaintiff's third motion to reinstate, the Pioneer factors again weigh in favor of granting the motion to reinstate so long as there are no pleading deficiencies in the proposed fourth amended complaint and complete diversity of citizenship is properly pled with respect to each Defendant.

9

Although it remains unchanged that the delay in answering the Court's OTSC No. 2 was within Plaintiff's control, the opposing parties would not be burdened with additional discovery costs here because Defendants still have not been served with any version of the complaint and no discovery has occurred to date. This case is still in its earliest stages, just like it was at the time of the November 7, 2013 Opinion and Order, and thus there would be no adverse impact on the judicial proceedings by granting Plaintiff's third motion to reinstate the complaint. Moreover, as the Court previously found in the November 7, 2013 Opinion, there is no indication that Plaintiff acted in bad faith in filing the present motion. In sum, the <u>Pioneer</u> factors weigh in favor of granting Plaintiff's third motion to reinstate the complaint.

Turning to the issue of the Court's jurisdiction, the law is clear that Plaintiff bears the burden of properly pleading the basis on which the Court may exercise jurisdiction over this matter. Accordingly, the Court now considers the jurisdictional allegations of the proposed fourth amended complaint submitted in support of the present motion. Although Plaintiff submitted four prior versions of the complaint in this matter – all of which contained multiple pleading deficiencies - the proposed

fourth amended complaint, Plaintiff's fifth attempt, adequately avers the basis on which the Court has jurisdiction to hear the case in accordance with 28 U.S.C. § 1332.  With respect to Plaintiff's citizenship, the proposed fourth amended complaint properly pleads that Plaintiff is a citizen of the State of New Jersey.  (Fourth Am. Compl., Parties, ¶ 2).  As to Defendant Shakil Mohammed, M.D., Plaintiff properly avers that Mohammed is a citizen of the Commonwealth of Pennsylvania.  (Id. ¶ 3.)  The proposed fourth amended complaint also properly pleads the citizenship of Defendant Shakil Orthopedic Associates, Inc. for purposes of diversity jurisdiction because Plaintiff clearly avers that this Defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania, and is therefore a citizen of Pennsylvania. (Id. ¶ 4).

With respect to Defendant Westfield Medical Center, L.P., the proposed fourth amended complaint indicates that this Defendant is a limited partnership.  (Id. ¶ 5).  For diversity purposes, the citizenship of a partnership is determined by the citizenship of all of its partners – both general and limited. Swiger, 540 F.3d at 182.  The proposed fourth amended complaint lists WMC Management, Inc. as the general partner of Defendant Westfield Medical Center, L.P. and properly avers that this

general partner is a Pennsylvania corporation with its principal place of business in Pennsylvania, and is thus a citizen of Pennsylvania. (Fourth Am. Compl., Parties, ¶ 6). The proposed fourth amended complaint then lists the following individuals and entities as the limited partners of Defendant Westfield Medical Center, L.P.: (1) Yasin Khan; (2) Elizabeth Khan; (3) Lehigh Valley Pain Management, Inc.; (4) Tilghman Medical Center, Inc.; (5) Tilghman Urgant Care, Inc.;[2] (6) Tilghman Urgent Care, Inc.; (7) Westfield Group Services, Inc.; (8) Westfield Management, Inc.; (9) WMCN Management, Inc.; and (10) Westfield North Management, Inc. (Id. ¶¶ 7(a)-(j).)

The two individuals, Yasin Khan and Elizabeth Khan, are clearly identified and averred to be citizens of Pennsylvania. (Id. ¶¶ 7(a)-(b).) The remaining eight limited partners – Lehigh Valley Pain Management, Inc., Tilghman Medical Center, Inc., Tilghman Urgant Care, Inc., Tilghman Urgent Care, Inc., Westfield Group Services, Inc., Westfield Management, Inc., WMCN Management, Inc., and Westfield North Management, Inc. – are all Pennsylvania corporations that maintain their principal places

---

[2]   It is unclear from the proposed fourth amended complaint whether Defendants Tilghman Urgant Care, Inc. and Tilghman Urgent Care, Inc. are two separate entities or whether the former listing is the result of a typographical error.

of business in Pennsylvania, and thus are citizens of Pennsylvania.[3]  (Id. ¶ 7(c)-(k).)  It thus appears that all of the partners of Defendant Westfield Medical Center, L.P., are citizens of Pennsylvania, and therefore this Defendant is also a citizen of the Commonwealth of Pennsylvania for purposes of diversity.  Based on the averments made in the proposed fourth amended complaint, the Court is satisfied that complete diversity of citizenship exists between the parties here under 28 U.S.C. § 1332, given that Plaintiff is a citizen of New Jersey and all of the Defendants are citizens of Pennsylvania.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's third motion [Doc. No. 13] seeking to reinstate the proposed fourth amended complaint is granted.  Plaintiff shall file the proposed fourth amended complaint on the docket within five (5) days.  An Order consistent with this Opinion will be entered.

Date: September 22, 2014                s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

---

[3]  It appears from the proposed fourth amended complaint that all of the limited partners – both the individuals and the entities – have 4825 West Tilghman Street, Allentown, Pennsylvania as their address or principal place of business.

13