UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

RICHARDO DEJESUS,

                   Plaintiff,            Civil No. 12-7007 (NLH/KMW)

v.

                                      **OPINION**

DR. SHAKIL MOHAMMAD, M.D.,
et al.,

                   Defendants.
_____

**APPEARANCES:**

Conrad J. Benedetto, Esquire
Law Offices of Conrad J. Benedetto
1814 East Route 70
Suite 350
Cherry Hill, New Jersey 08003

      *Attorney for Plaintiff Ricardo DeJesus*

Dominic A. DeLaurentis, Jr., Esquire
Stahl & DeLaurentis, P.C.
10 E. Clements Bridge Road
Runnemede, New Jersey 08078

      *Attorney for Defendant Dr. Shakil Mohammad, M.D.*

Frank Orbach, Esquire
Law Offices of Charles Peter Hopkins
200 Schulz Drive
4th Floor
Suite 405
Red Bank, New Jersey 07701

      *Attorney for Defendant Westfield Medical Center, L.P.*

**HILLMAN, District Judge:**

Presently before the Court are two motions to dismiss the fourth amended complaint, filed respectively by Defendants Shakil Mohammad, M.D. (hereafter, "Mohammad") and Westfield Medical Center, L.P. (hereafter, "Westfield"), for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Also before the Court is a motion to dismiss by Defendant Mohammad pursuant Fed. R. Civ. P. 12(b)(6).  Plaintiff, Ricardo DeJesus, filed opposition to the motion seeking dismissal pursuant to Rule 12(b)(6) but has not opposed the motions to dismiss for lack of personal jurisdiction.[1]  The Court has considered the parties' submissions and decides this matter pursuant to Fed. R. Civ. P. 78.

For the reasons that follow, the motions to dismiss for lack of personal jurisdiction are granted, and Defendant Mohammad's motion to dismiss pursuant to Rule 12(b)(6) is denied as moot.

I.  **BACKGROUND**

This action arises out of personal injuries purportedly sustained by Plaintiff in connection with spinal fusion surgery performed by Defendant Mohammad on August 10, 2010.  Plaintiff

---

[1] We note that Plaintiff has not requested transfer of this action to another district nor has Plaintiff requested jurisdictional discovery.

originally filed an action in the Superior Court of New Jersey, Law Division, Camden County, but the claims were dismissed for lack of personal jurisdiction in November 2012.

Plaintiff attempted to reassert his claims in this Court, allegedly based on diversity jurisdiction under 28 U.S.C. § 1332, but his complaint failed to demonstrate a basis for federal subject matter jurisdiction.  Pursuant to a number of court orders, Plaintiff amended the complaint several times in an effort to demonstrate that the Court could exercise subject matter jurisdiction over this matter.[2]  Plaintiff's fourth amended complaint contained sufficient averments concerning the citizenship of the parties so as to satisfy the Court that complete diversity of citizenship exists and that the Court has subject matter jurisdiction.  Accordingly, this case proceeds based on the allegations contained in the fourth amended complaint.

Plaintiff contends in this case that he injured his back at work and "failed conservative therapy."  (Fourth Am. Compl. ¶ 12.)  He was unable to work and was referred to an orthopedic

---

[2] The Court will not recount in detail the substantial procedural history concerning Plaintiff's efforts to amend the complaint. Such history is set forth in prior Opinions of the Court, including the Opinion dated September 22, 2014.

surgeon, Defendant Mohammad, of Shakil Orthopedic Associates.[3]
(Id.)  An MRI showed stenosis and degenerative disc disease in
Plaintiff's lumbar spine at L5-S1.  (Id.)  Plaintiff underwent
spinal fusion surgery on August 10, 2010.  (Id. ¶ 13.)  Although
not specifically alleged, it appears that Defendant Mohammad
performed the surgery.  Plaintiff contends that there were
surgical errors that should not have occurred, or which should
have been diagnosed, corrected, or treated.  (Id.)

Following surgery, Plaintiff experienced severe pain,
numbness in his leg, an inability to void, and difficulty
passing urine.  (Fourth Am. Compl. ¶¶ 14, 15.)  Defendants
allegedly disregarded Plaintiff's complaints, prescribed an
antidepressant, and discharged Plaintiff from the hospital.
(Id. ¶ 15.)  Plaintiff avers that he continues to have a
neurogenic bladder, severe damage to his left side L5 nerve
root, permanent disabling sensory loss, and pain in his left leg
with a complete inability to pass urine.  (Id. ¶ 16.)  Based on
these allegations, the fourth amended complaint purports to

---

[3] Shakil Orthopedic Associates (hereafter, "Shakil Orthopedic")
is also a named defendant in this action.  A summons was
returned purportedly indicating that Defendant Shakil Orthopedic
was served on September 26, 2014, although the summons filed on
the docket [Doc. No. 20] is directed to Defendant Mohammad
rather than Defendant Shakil Orthopedic.  Shakil Orthopedic has
not responded to the fourth amended complaint, nor has Plaintiff
sought entry of default against this defendant.

assert causes of action for, _inter alia_, negligence and professional negligence, recklessness, and breach of contract.

Defendants Mohammad and Westfield now move to dismiss the fourth amended complaint for lack of personal jurisdiction. Defendant Westfield submits an affidavit from its chief executive officer, Yasin Khan, M.D., in which Dr. Khan represents that Westfield was located in Allentown, Pennsylvania from 2007 until its closure in 2013 and had no other place of business.  (Aff. of Yasin Khan, M.D. ¶ 3.)  According to Dr. Khan, Westfield is a limited partnership with a registered office in Allentown, Pennsylvania, and it never maintained or operated facilities, offices, or hospitals, or conducted business in New Jersey.  (_Id._ ¶¶ 4, 5.)  In addition, Dr. Khan states that Westfield never advertised in New Jersey by television, radio or print media.  (_Id._ ¶ 7.)

Defendant Mohammad argues in his brief that he is a resident of the Commonwealth of Pennsylvania, is a licensed physician in Pennsylvania, has not practiced medicine in New Jersey, and is not professionally affiliated with any hospital, healthcare institute or physician in New Jersey.  (Def. Mohammad's Br. in Supp. of Mot. to Dismiss Pl.'s Fourth Am. Compl. For Lack of Personal Jurisdiction, at 5.)  Defendant Mohammad further contends that he has not conducted business in New Jersey, maintained offices in New Jersey, or solicited,

consulted or treated patients in New Jersey.  (Id.)
Furthermore, Defendant Mohammad asserts that he had no contacts
with Plaintiff in New Jersey and any contact he had with
Plaintiff occurred solely within Pennsylvania.  (Id.)

## II.  STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(2)[4]

### A.  Burden of Proof

Federal Rule of Civil Procedure 12(b)(2) provides for
dismissal of an action when the Court does not have personal
jurisdiction over a defendant.  "Once challenged, the plaintiff
bears the burden of establishing personal jurisdiction."
O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d
Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150
(3d Cir. 2001)).

When a motion to dismiss is originally made, the plaintiff
must establish a prima facie case of personal jurisdiction.
Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.),
cert. denied, 506 U.S. 817, 113 S. Ct. 61, 121 L. Ed. 2d 29
(1992) (citations omitted).  A plaintiff may do so by alleging
sufficient facts to establish jurisdiction over the defendant,
and the Court must accept these allegations as true and construe

---

[4] Defendant Mohammad also moved for dismissal under Fed. R. Civ.
P. 12(b)(6).  Because the Court, for reasons discussed below,
grants the motions to dismiss for lack of personal jurisdiction,
it does not consider dismissal under Fed. R. Civ. P. 12(b)(6).

disputed facts in favor of the plaintiff.  <u>Metcalfe v.
Renaissance Marine, Inc.</u>, 566 F.3d 324, 330-31 (3d Cir. 2009)
(citing <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 457
(3d Cir. 2003)).  "If the moving party fails to submit evidence
contravening the allegations of the complaint, the court is
bound to accept plaintiff's allegations regardless of whether
plaintiff presents further evidence in support thereof."  <u>In re
Chocolate Confectionary Antitrust Litig.</u>, 641 F. Supp. 2d 367,
382 n.21 (M.D. Pa. 2009) (citations omitted).  If it appears
that the facts alleged to support jurisdiction are in dispute,
the plaintiff must prove, by a preponderance of the evidence,
facts sufficient to establish personal jurisdiction.  <u>Carteret</u>,
954 F.2d at 146.[5]

**B.    Requirements for Personal Jurisdiction**

A defendant is subject to the jurisdiction of a United
States district court if the defendant "is subject to the

---

[5] Both of the moving defendants argue that the Court must find a
lack of personal jurisdiction because the state court has
already dismissed the action on the same ground.  This Court,
however, evaluates personal jurisdiction based upon standards
articulated in federal law rather than New Jersey law.  Neither
defendant has argued that the standard utilized in the state
court proceeding -- particularly with respect to the burden on
the plaintiff to establish jurisdiction -- is the same as the
standard utilized in the Third Circuit, nor has the Court been
provided with an opinion in the state court matter.  As such,
the Court is unable to conclude that the decision in the state
court action precludes consideration of the issue in this Court
at this time.

jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004)(citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'" Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) (quoting Burger King Corp. v.

8

Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).  This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); see also Burger King Corp., 471 U.S. at 472, 475, 105 S. Ct. 2174 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider the nature and extent of such contacts.  The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 90 L. Ed. 2d 404 (1984).  If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal jurisdiction over the defendant if the defendant's contacts with the forum state are so "continuous and systematic" as to render the defendant essentially "at home" in the forum state.  Daimler AG v. Bauman, --- U.S. ---, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014); Goodyear Dunlop Tires

Operations, S.A. v. Brown, --- U.S. ---, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011).  "'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'"  Daimler, 134 S. Ct. at 760 (quoting Goodyear, 131 S. Ct. at 2853-54).

## III. DISCUSSION

In malpractice actions,[6] "courts generally hold that doctors who treat patients who have travelled from another state to receive care are not subject to jurisdiction in a malpractice action in the patient's home state after they return there." Brownstein v. New York Univ. Med. Ctr., No. Civ. A. 94-907, 1994 WL 669620, at *5 (D.N.J. Nov. 22, 1994) (citations omitted). "The rule is based on the personal character of medical services that, by their nature, are directed at the person who needs treatment, not at any particular forum."  Id.  "[A] doctor's treatment is essentially a local act, and not one that, without

---

[6] Count I of the fourth amended complaint is titled "Negligence/Carelessness/Recklessness and/or Professional Negligence and/or Corporate Negligence and/or Corporate Negligence of Defendant(s) Herein and/or Breach of Contract and/or Warranty By Defendants."  The Court construes the allegations of the complaint as asserting a medical malpractice claim.

more, will subject [him] to long arm jurisdiction in the patients [sic] home forum." Id.

The issue of personal jurisdiction over out-of-state hospitals and doctors was addressed in Gelineau v. New York University Hospital, 375 F. Supp. 661 (D.N.J. 1974). In Gelineau, the New Jersey plaintiff traveled to a hospital in New York to seek treatment by a physician licensed to practice in New York. Gelineau, 375 F. Supp. at 663. The plaintiff was admitted to the hospital, underwent surgery, and received a blood transfusion. Id. Subsequently, the plaintiff was diagnosed with hepatitis and sued the hospital for negligence in New Jersey. Id.

The court in Gelineau found that the hospital did not have minimum contacts with New Jersey, even though some employees lived in New Jersey and some professional staff were licensed to practice in New Jersey. Id. at 666. In so finding, the court noted that "[w]hen one seeks out services which are personal in nature, such as those rendered by attorneys, physicians, dentists, hospitals or accountants, and travels to the locality where he knows the services will actually be rendered, he must realize that the services are not directed to impact on any particular place, but are directed to the needy person himself." Id. at 667. The court further noted that "when a client or a patient travels to receive professional services without having

been solicited . . . then the client, who originally traveled to
seek services apparently not available at home, ought to expect
that he will have to travel again if he thereafter complains
that the services sought by him in the foreign jurisdiction were
therein rendered improperly." Id.  The court concluded that New
York University Hospital did not purposefully avail itself of
the privilege of conducting activities within New Jersey, as the
medical services were performed in New York at the request of
the plaintiff who unilaterally traveled to New York to receive
them.  Id. at 668; see also O'Brien v. Sasso, Civ. A. No. 11-
4083, 2012 WL 909620, at *3 (D.N.J. Mar. 16, 2012) (citing
Gelineau in finding that doctor and treatment center did not
avail themselves of privilege of conducting business in New
Jersey, where plaintiff was New Jersey resident who sought
medical services provided by Pennsylvania citizens in
Pennsylvania).

    **A.**    **Minimum Contacts of Defendant Mohammad**

In this case, the fourth amended complaint contains no
allegations to establish that Defendant Mohammad, either in his
professional relationship with Plaintiff or in general,
purposefully availed himself of the privilege of practicing
medicine in New Jersey.  The record fails to demonstrate that
Defendant Mohammad had any contacts with New Jersey.  Although
Plaintiff is a New Jersey resident, Defendant Mohammad's

treatment of Plaintiff was a personal act, which appears to have been performed in Pennsylvania, and was directed to Plaintiff rather than Plaintiff's home state.

With respect to specific jurisdiction, Plaintiff fails to demonstrate that his cause of action is related to or arises out of activities by Defendant Mohammad that took place within New Jersey. Plaintiff does not allege that Defendant Mohammad initiated or sought the consultation with Plaintiff pertaining to Plaintiff's spinal stenosis.[7] There are no allegations that Plaintiff was ever contacted, consulted, or treated by Defendant Mohammad in New Jersey. Although the complaint does not specify the state in which the consultation and surgery took place, the complaint alleges that Defendant Mohammad is licensed to practice medicine in Pennsylvania, that Defendant Shakil Orthopedic is located in Pennsylvania, and that Defendant Westfield is a hospital located in Pennsylvania. (Id. ¶¶ 3-5.) In the absence of any allegations indicating that Defendants also operated a facility in New Jersey or were licensed in New Jersey, it appears that the surgery was performed and subsequent care provided in Pennsylvania at the request of Plaintiff, who unilaterally traveled to Pennsylvania to receive such services.

---

[7]The fourth amended complaint alleges generally that Plaintiff was referred to Defendant Mohammad, without identifying the individual who made the referral. (Fourth Am. Compl. ¶ 12.)

Under these circumstances, Plaintiff does not establish that
Defendant Mohammad purposefully availed himself of the privilege
of practicing medicine in New Jersey as it relates to the
treatment of Plaintiff specifically.

Plaintiff also fails to establish that the Court may
exercise general jurisdiction over Defendant Mohammad.
Plaintiff does not allege that Defendant Mohammad is associated
with any hospital, healthcare institute, or physician in New
Jersey.  Plaintiff does not aver that Defendant Mohammad has
ever practiced medicine, consulted or treated patients, or
maintained an office in New Jersey.  Plaintiff does not allege
that Defendant Mohammad is licensed to practice medicine in New
Jersey, nor does he contend that Defendant Mohammad lives or
advertises in New Jersey.  Rather, Plaintiff alleges in the
fourth amended complaint only that Defendant Mohammad is a
citizen of Pennsylvania and is licensed to practice medicine in
Pennsylvania.  There are no allegations from which the Court
could infer that Defendant Mohammad had any contacts with New
Jersey, let alone contacts that are so constant and pervasive as
to place him in the same category as those who are domiciled in
New Jersey.

In so finding, the Court notes that Defendant Mohammad
submitted an affidavit of Defendant Shakil Orthopedic in an
effort to prove that he has no contacts with New Jersey.  The

14

affidavit of the business entity, however, does not foreclose the possibility that Defendant Mohammad, individually, has had contacts with New Jersey.  The affidavit does not even indicate that Defendant Mohammad has any affiliation with Shakil Orthopedic.  While the fourth amended complaint alleges a relationship between Defendants Mohammad and Shakil Orthopedic, it is possible that Defendant Mohammad also practices medicine through a separate entity which has contacts with New Jersey. Defendant Mohammad did not submit his own affidavit confirming the absence of contacts with New Jersey.  Nonetheless, because Plaintiff bears the burden of establishing personal jurisdiction, and the fourth amended complaint contains no allegations from which this Court could conclude that Defendant Mohammad had any contacts with New Jersey, the Court will grant Defendant Mohammad's motion to dismiss for lack of personal jurisdiction at this time.

**B.    Minimum Contacts of Defendant Westfield**

In the present case, as in <u>Gelineau</u>, the fourth amended complaint alleges that Plaintiff, a New Jersey citizen, traveled from New Jersey to a hospital out-of-state to receive medical services that Plaintiff requested.  There are no facts from which this Court could conclude that Defendant Westfield had minimum contacts with New Jersey sufficient to confer either general or specific jurisdiction.

15

Plaintiff fails to demonstrate at this time that the Court may exercise specific jurisdiction over Defendant Westfield.  As noted above, it appears from the allegations in the fourth amended complaint that the surgery and subsequent care of Plaintiff at issue in this case occurred at Defendant Westfield's facility in Pennsylvania.  As in Gelineau, the services provided by Defendant Westfield were not directed to impact any particular place, but were directed to Plaintiff himself.  There is nothing in the record to demonstrate that Defendant Westfield purposefully availed itself of the privilege of conducting activities in New Jersey in connection with Plaintiff's spinal surgery.[8]

Additionally, the fourth amended complaint contains no allegations to suggest that Defendant Westfield had a continuous or systematic presence in New Jersey so as to be "at home" in this forum.  According to the fourth amended complaint,

---

[8] The Court notes Plaintiff's allegation that Defendant Mohammad is an agent of Westfield.  "[A] corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there."  Daimler, 134 S. Ct. at 759 n.13.  As such, agency relationships may be relevant to the existence of specific jurisdiction.  Here, however, as discussed above, the fourth amended complaint does not contain any allegations that Defendant Mohammad had contacts with Plaintiff in New Jersey concerning Plaintiff's treatment and surgery for spinal stenosis.  Therefore, at this time the Court does not find that the Court may exercise specific jurisdiction over Defendant Westfield through the contacts of its purported agent, Defendant Mohammad.

Defendant Westfield is a Pennsylvania limited partnership located in Allentown, Pennsylvania which owned or operated a medical facility authorized and licensed to provide medical services in Pennsylvania.  (Fourth Am. Compl. ¶ 5.)  The general partner and limited partners of Defendant Westfield are alleged to be either individuals who are Pennsylvania citizens, or corporations that are organized and existing under the laws of Pennsylvania with principal places of business in Pennsylvania. (Id. ¶¶ 6-7.)  Plaintiff does not allege that Defendant Westfield is affiliated with any hospitals, medical centers or health care facilities in New Jersey.  Plaintiff does not allege that Defendant Westfield advertises in New Jersey.  Plaintiff does not allege that any employees or agents of Defendant Westfield live, practice, or are licensed to practice in New Jersey.

Moreover, Defendant Westfield submitted affirmative evidence stating that it never maintained or operated facilities, offices or hospitals in New Jersey, never conducted business in New Jersey, and never advertised in New Jersey by television, radio or print media.  Plaintiff has not responded to Defendant Westfield's motion, and therefore has not only failed to establish a prima facie case of jurisdiction but has also failed to rebut the affirmative evidence presented on this

issue.  Based on the record, the Court finds that it may not exercise general jurisdiction over Defendant Westfield.

Because the Court may not exercise general jurisdiction over Defendant Westfield, and Plaintiff fails to demonstrate that the Court may exercise specific jurisdiction over this defendant, the Court will grant Defendant Westfield's motion to dismiss for lack of personal jurisdiction.

C.   **"Fair Play and Substantial Justice"**

Because Plaintiff has not met his burden of establishing "minimum contacts," the Court need not consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154.  The Court nonetheless notes that the rationale articulated in Gelineau further supports a finding that allowing personal jurisdiction over either Defendant Mohammad or Defendant Westfield would not further social policy. In Gelineau, the court noted that if medical professionals could be subject to suit in the jurisdictions of all of their patients, there would be a chilling effect on the availability of professional services to non-residents. Gelineau, 375 F. Supp. at 667.  The court stated:

> Professionals in the medical field . . .
> would be hesitant to treat a non-resident
> defendant if they knew that thereafter, upon
> the receipt of a registered letter, they
> could be compelled to travel to a foreign

> state, and there to account, under the laws
> of that state, for the services which were
> sought from them and rendered by them at
> home.

Id. at 667-68.

This Court agrees that it would be detrimental to New Jersey residents to adopt a rule that would have a chilling effect on the availability of medical care to the residents of this state. Thus, the Court agrees with the rule articulated in Gelineau that a plaintiff's unilateral travel to another jurisdiction for medical services cannot, standing alone, meet the requirements to establish personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

**IV.  CONCLUSION**

The only apparent contact with New Jersey in this case is Plaintiff's residence in this state. However, "the residence of a recipient of personal services rendered elsewhere is irrelevant and totally incidental to the benefits provided by the defendant at his own location." Gelineau, 375 F. Supp. at 667. Plaintiff fails to provide any allegations or evidence that would support a finding that either Defendant Mohammad or Defendant Westfield had any contacts with New Jersey, let alone sufficient contacts with this state such that the maintenance of the suit would not offend traditional notions of fair play and substantial justice. Therefore, the Court finds no basis to

conclude that it may exercise personal jurisdiction over either of these defendants.  Accordingly, the motions to dismiss for lack of personal jurisdiction will be granted.[9]

Finally, because the Court finds that it lacks personal jurisdiction over Defendant Mohammad, it need not, and indeed should not, reach the issues raised in Defendant Mohammad's motion to dismiss under Fed. R. Civ. P. 12(b)(6).  That motion will be dismissed as moot.

An Order accompanying this Opinion will be entered.


                                   s/ Noel L. Hillman
                                   _____
Date: April 29, 2015               NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

[9] As noted supra, neither the Plaintiff nor the moving parties have requested transfer of this case to the United States District Court for the Eastern District of Pennsylvania.  We note that there are still claims remaining against Defendant Shakil Orthopedic Associates, and no party has challenged this Court's exercise of personal jurisdiction over Shakil Orthopedic.  Accordingly, we cannot conclude on this record at this time that sua sponte transfer would be in the interest of justice.  See 28 U.S.C. § 1631.  However, the Court notes that the claims in this case relate to events as far back as 2010 and the plaintiff may be barred from re-filing these claims in the United States District Court for the Eastern District of Pennsylvania because of the statute of limitations.  While we express no view as to that issue, this set of circumstances raises the issue of whether transfer rather than dismissal would be in the interest of justice within the meaning of § 1631.  The Court will stay dismissal of the claims against Defendants Mohammad and Westfield pending additional briefing on this issue.